UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARDOCHE OLIVIER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:16-cv-03284 |
| | ) | JUDGE CRENSHAW |
| J. SALCEDO, *et al.*, | ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Plaintiff Mardoche Olivier, a resident of Clarksville, Tennessee, brings this *pro se, in forma pauperis* action against Clarksville police officers J. Salcedo and David Moore as well as the City of Clarksville, alleging violations of the Plaintiff's civil rights. (Doc. No. 1). The Plaintiff seeks "at least $25,5000" in damages from each officer and mandatory retraining of both officers with regard to city codes and citizens' rights. (*Id*. at p. 3).

## **I.    Required Screening of the Complaint**

The Plaintiff is proceeding as a pauper in this action; therefore, the Court must conduct an initial review of the complaint under 28 U.S.C. § 1915(e)(2) and dismiss it or any portion of it that is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as construed by Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). See Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that "the dismissal standard articulated in Iqbal and Twombly governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii)] because

1

the relevant statutory language tracks the language in Rule 12(b)(6)").

"Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks and citation omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would

that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## II. Alleged Facts

According to the complaint, on October 30, 2015, Clarksville police officers J. Salcedo and David Moore forcefully removed the plaintiff and Troy Lozano from the plaintiff's car, which was parked in front of the plaintiff's real property located at 193 Sunset Court, Clarksville, Tennessee. The complaint alleges that Officer Salcedo unlawfully searched Lozano, and both Officers demanded both the plaintiff and Lozano to produce identification and "info under threat of imprisonment." (Doc. No. 1 at p. 2). The complaint further alleges that, after the plaintiff produced identification, one of the Officers told the plaintiff that if he was seen behind the wheel of his car again, he would be arrested. (Id.) Additionally, the complaint alleges that the Officer told the plaintiff that he could not park his car in front of his real property located at 193 Sunset Court. (Id.)

## III. Analysis

First, the Plaintiff names both police officers as Defendants and seeks to recover money damages from each Defendant in his official capacity. (Doc. No. 1 at p. 3). Suits against Officers Salcedo and Moore in their official capacities are suits against the Officers' official offices rather than the individuals themselves. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Plaintiff alleges in his complaint that both Officers are employed by the City of Clarksville. In essence, then, the Plaintiff's official capacity claims are against the City of Clarksville. See Kentucky v. Graham, 473 U.S. 159 (1985).

While the City of Clarksville is a suable entity, it is responsible under § 1983 only for its

"own illegal acts. [It is] not vicariously liable under § 1983 for [its] employees' actions." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011) (internal citations and quotation marks omitted). Under § 1983, a municipality can only be held liable if the plaintiff demonstrates that the alleged federal violation was a direct result of the city's official policy or custom. Burgess v. Fisher, 735 F.3d 462, 478 (6th Cir.2013) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)); Regets v. City of Plymouth, 568 Fed. Appx. 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting Slusher v. Carson, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. Burgess, 735 F.3d at 478.

The inadequacy of police training only serves as a basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact. Slusher, 540 F.3d at 457. To establish deliberate indifference, the plaintiff may show prior instances of unconstitutional conduct demonstrating that the governmental entity has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury. Id.; see also Gregory v. City of Louisville, 444 F.3d 725, 752-53 (6th Cir. 2006). In the alternative, where the constitutional violation was not alleged to be part of a pattern of past misconduct, a supervisory official or a municipality may be held liable only where there is essentially a complete failure to train the police force or training that is so reckless or grossly negligent that future police misconduct is almost inevitable or would properly be characterized as substantially certain to result. Hays v. Jefferson Cnty., Ky., 668 F.2d 869, 874 (6th Cir.1982).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against the City of Clarksville under § 1983. The complaint does not identify or describe any of the City's policies, procedures, practices, or customs relating to training; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put the City of Clarksville on notice of a problem. See Okolo v. Metropolitan Gov't of Nashville, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); Hutchison v. Metropolitan Gov't of Nashville, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); Johnson v. Metropolitan Gov't of Nashville, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the Court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against the City of Clarksville. Any such claim will be dismissed.

Moreover, the complaint was filed over a year after the alleged events occurred so the Plaintiff's federal civil rights claims are barred by the governing statute of limitations. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claims arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provisions found in Tennessee Code Annotated § 28-3-104(a). Porter v. Brown, 289 Fed. Appx. 114, 116 (6th Cir. 2008). The Supreme Court's decision in Wallace v. Kato, 549 U.S. 384 (2007), makes clear that a claim for false arrest or imprisonment accrues at the time of arrest or, at the latest, when detention without legal process ends. Id. at 391-92. Since the complaint was signed on December 10, 2016, all claims arising from events that occurred prior to December 11, 2015, are time barred.

5

**IV. Conclusion**

In conclusion, the Court finds that the complaint fails to state a claim upon which relief can be granted as to any Defendant. This action, therefore, will be dismissed with prejudice. 28 U.S.C. § 1915(e)(2).

For the same reasons that the Court dismisses this action, the Court finds that an appeal of this action would not be taken in good faith. The Court therefore certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by the Plaintiff would not be taken in good faith, and the Plaintiff will not be granted leave by this Court to proceed on appeal *in forma pauperis*.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE